**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SCOTT A. BECKER,

                             Petitioner,

    - v -                                                   Civil No. 9:03-CV-0283
                                                               (FJS/RFT)

JOSEPH J. COSTELLO, Supt., Mid-State
Corr. Fac.,

                             Respondent.
_____

**APPEARANCES:**                                             **OF COUNSEL:**

SCOTT A. BECKER
Petitioner, *Pro se*
00-B-1619
Mid-State Correctional Facility
P.O. Box 216
Marcy, New York 13403-0216

HON. ELIOT SPITZER                                G. LAWRENCE DILLON, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

### REPORT RECOMMENDATION AND ORDER

    *Pro se* Petitioner Scott Becker was convicted by a jury of assault in the second degree and endangering the welfare of a child on May 18, 2000. *See* Transcript of Trial of Scott Becker (5/15/00) ("Trial Tr.") at p. 376. On July 5, 2000, Petitioner was sentenced to seven (7) years imprisonment followed by three (3) years post-release supervision for the crime of second degree assault and one (1) year imprisonment for endangering the welfare of a child, to run concurrently. *See* Transcript of Sentencing of Scott Becker (7/5/00) ("Sentencing Tr.") at pp. 16-17. Petitioner presently seeks a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, on the sole ground that there was insufficient evidence at trial from which a reasonable trier of fact could find that the

injuries sustained by the victim were caused by a dangerous instrument, specifically, the broom or broom handle. For the reasons to follow, it is recommended that the Petition be **DENIED**.

## I. BACKGROUND

On the night of June 2, 1999, after Becker and his wife had gone out to dinner, Becker purchased beer and crack cocaine. Trial Tr. at 163-64, 167, & 168. When they arrived at their home, they drank the beer and smoked the crack. *Id*. at 170 & 206-07. Becker's wife then went to bed. At approximately 2:00 a.m. on the morning of June 3, 1999, Becker woke his wife to engage in sexual relations. *Id*. at 171-73. When his wife refused his advances, he accused her of having an affair and proceeded to hit her, throw her outside the back door, over the back stairs, and onto the ground where he repeatedly hit and kicked her. *Id*. at 175-76 & 210. Upon reentering the home, Becker continued to hit his wife and slam her against the kitchen counters and appliances. *Id*. Becker told his wife that their home was dirty and ordered her to sweep the floor. *Id*. at 179. His wife complied and began to sweep the kitchen floor. She then placed the broom down at which point Becker grabbed the broom and struck her with it a dozen times. *Id*. at 181. Becker then broke the broom on his knee and proceeded to hit her with the bristle end of the broom another dozen or so times around the head, facial area, arms and back, causing red spots on her forehead and redness on her arms. *Id*. at 185, 213-15, & 217. Although there was a relatively short period of time when the beatings ceased, the violence did not end until sometime between 8:00 and 8:30 a.m. *Id*. at 191-92. During the latter part of Becker's tirade, his two children witnessed the violent acts committed against their mother. *Id*.

At approximately 8:30 a.m., Becker left the residence and his wife placed a call to her then employer, who called 911. *Id*. at 222 & 247. Shortly thereafter an ambulance, followed by the

police, arrived at the home. *Id*. at 176, 197 & 235. After obtaining a description of the car Becker was driving, the police pursued after him and, with the aid of the canine unit, eventually located Becker in the woods and took him into custody. *Id*. at 247-48. Meanwhile, Becker's wife was taken to the hospital where a doctor determined she had several injuries which included swelling of the face, hands, and forearm, a fractured finger, and bruised scalp along with other injuries. *Id*. at 264-66.

On May 18, 2000, a jury convicted the Petitioner of one count of second degree assault and one count of endangering the welfare of a child. Judgment was entered by the Oneida County Court May 18, 2000, and Becker was sentenced on July 5, 2000. On appeal, judgment was affirmed by the New York State Supreme Court, Appellate Division, Fourth Department on October 1, 2002. *People v. Becker*, 748 N.Y.S.2d 299 (N.Y. App. Div., 4th Dep't 2002). Leave to appeal to the New York State Court of Appeals was denied on December 31, 2002. *People v. Bell*, 784 N.E.2d 80 (N.Y. 2002). This Petition followed.

## II.  DISCUSSION

### A.  Standard of Review

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner claim unless the state courts adjudicated the merits of the claim and such adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001); *see also Miranda v. Bennett*, 322 F.3d 171, 177-178 (2d Cir. 2003).

The AEDPA also requires that in any such proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Boyette*, 246 F.3d at 88 (quoting § 2254(e)(1)).

Before this Court can undertake a review of Becker's claims, it must first be shown that the state courts adjudicated such claims on the merits. In determining whether a claim has been adjudicated by a state court on the merits, the court considers:

> (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits.

*Sellan v. Kuhlman*, 261 F.3d 303, 314 (2d Cir. 2001).

Based upon this standard, it is clear that the review undertaken by the Fourth Department in this case constitutes an adjudication on the merits because that court made a determination based upon the facts presented to the trial court and held that there was enough evidence to support the conviction and that the broom caused some injury to Becker's wife. Since the state court adjudicated Becker's claim on the merits, the issue for this Court is whether such adjudication either resulted in a decision contrary to, or involved an unreasonable application of, established federal law, as determined by the Supreme Court of the United States, or whether the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

### B. Sufficiency of the Evidence

In support of his Petition, Becker asserts that there was insufficient evidence to prove the crime of assault in the second degree because that count alleged that the broom used to cause

physical injury to his wife was a "dangerous instrument." Pet. at ¶ 12(A). Becker claims the broom did not cause any of his wife's physical injuries and that there was no evidence that the broom was used in a manner that made it a dangerous instrument. *Id*. Becker asserts that the broom handle itself was not used and that the bristles of the broom did not cause any of the physical injuries suffered by his wife. *Id*. Upon reviewing Becker's claims, the Appellate Division found there was sufficient evidence for a reasonable jury to return a verdict of guilty against Becker for assault in the second degree and that the evidence was legally sufficient to establish that the victim sustained physical injury. *Becker*, 748 N.Y.S.2d at 300.

The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crimes with which he is charged. *See Fiore v. White*, 531 U.S. 225, 228-29 (2001); *Jackson v. Virginia*, 443 U.S. 307, 315 (1979). This inquiry "does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (emphasis in original). A *habeas* petitioner claiming that there was insufficient evidence supporting the conviction is entitled to relief under 28 U.S.C. § 2254 only if it is found "that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324; *see also Schlup v. Delo*, 513 U.S. 298, 323 n.38 (1995). The reviewing court is required to consider the evidence in the light most favorable to the prosecution, and draw all inferences in its favor. *Jackson*, 443 U.S. at 319.[1] A federal *habeas* court must look to state law to

---

[1] The *Jackson* standard is clearly established federal law as determined by the Supreme Court. *See Huber v. Schriver*, 140 F. Supp. 2d 265, 276 n.5 (E.D.N.Y. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 114 (2d Cir. 2000)) (other citation omitted); *see also Santana v. Kuhlmann*, 232 F. Supp. 2d 154, 166-67 (S.D.N.Y. 2002).

determine the elements of a crime when considering a challenge based upon the sufficiency of evidence. *See Jackson*, 443 U.S. at 324; *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002). Therefore, this Court briefly reviews the elements of the crimes of which Becker was convicted.

Under New York law, a person is guilty of assault in the second degree when "with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument[.]" N.Y. PENAL LAW § 120.05(2). A dangerous instrument is defined as "any instrument, article or substance, including a 'vehicle' as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury." N.Y. PENAL LAW § 10.00(13). Additionally, a physical injury "means impairment of physical condition or substantial pain[,]" N.Y. PENAL LAW § 10.00(9), while a serious physical injury "means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ[,]" N.Y. PENAL LAW § 10.00(10).

Here, as the Appellate Division noted, Petitioner's conduct in using the broom to strike his wife "numerous times about the head, arms and back," constituted "an instrument readily capable of causing serious physical injury." *People v. Becker*, 748 N.Y.S.2d at 300. Furthermore, the Appellate Division held that even though the broom might not be inherently dangerous, the manner in which it was used could cause physical injury. *Id*. The court stated that the broom, a dangerous instrument, caused "at least some of the multiple injuries sustained" by Becker's wife. Therefore, viewing the evidence in the light most favorable to the prosecution, Petitioner failed to prove that this determination was unreasonable.

The evidence presented was sufficient to support Becker's conviction for assault in the second degree. Becker's wife testified at trial that he hit her with the bristles of the broom, that she used a protective posture to curb the blows of the broom and that he hit her over a dozen times around her head and back. Trial Tr. at 180, 182, & 185. Although Becker's wife stated she was not hit with the handle of the broom, she testified that the swatting of the broom bristles caused her to have red spots on her forehead, which caused pain, and that her arms were also red from trying to prevent the blows. Trial Tr. at 207, 215, & 217. Furthermore, Doctor Parshall, the emergency room doctor who examined Becker's wife, testified as to her numerous injuries and bruising, one being linear injuries which could be consistent with a broom handle although not consistent with being struck with the bristle part of the broom. Trial Tr. 265, 268, & 276. "[W]hen reviewing the sufficiency of the evidence, [the court] 'defers to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony.'" *See generally Carter v. New York*, 2001 WL 930244 at *3 (S.D.N.Y. Aug. 16, 2001) (stating that in challenging the sufficiency of the evidence, the court gave deference to the Appellate Division's holding that there was legally sufficient evidence and that looking at certain trial testimony, the claim for insufficient evidence was rejected); *see also Harris v. Allard*, 2002 WL 31780176 at *2 (S.D.N.Y. Dec. 11, 2002). Accordingly, Becker's claim of insufficient evidence must fail in light of the decision of the Appellate Division, where all inferences are drawn in the favor of the prosecution, and the trial testimony presented.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by regular mail, upon parties to this action.

Pursuant to 28 U.S.C. §636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d. Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   April 27, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge